United States District Court
Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. | CR 05-01232 DDP |

**Defendant** NICOLE LaVIOLETTE

akas: NONE

Social Security No. _2_ _5_ _6_ _2_
(Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person

| MONTH | DAY | YEAR |
|---|---|---|
| 06 | 14 | 2010 |

**COUNSEL** [X] WITH COUNSEL  David McLane, Panel
(Name of Counsel)

**PLEA** [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING** There being a finding/verdict of GUILTY, defendant has been convicted as charged of the offense(s) of:

Conspiracy (18 U.S.C. §371), Aiding and Abetting and Causing an Act to be Done (18 U.S.C. § 2); as charged in count 1 of the information.
Wire Fraud (18 U.S.C. §1343), Aiding and Abetting and Causing an Act to be Done (18 U.S.C. § 2); as charged in count 2 of the Information.

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that ~~the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of~~:

the defendant shall be placed on Probation for a term of four years on each of counts one and two of the Information, to be served concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318;

2. The defendant shall participate in a mental health evaluation, which may include counseling and treatment if determined necessary by the treatment provider, until discharged by the treatment provider, with the approval of the Probation Officer;

3. The Court authorizes the Probation Office to disclose the Presentence Report to the mental health treatment provider to facilitate the defendant's treatment. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge;

Case 2:05-cr-01232-DDP Document 76 Filed 06/15/10 Page 2 of 6 Page ID #:524

| USA vs. NICOLE LaVIOLETTE | Docket No.: CR 05-01232 DDP |
|---|---|

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the defendant's mental health evaluation and treatment to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

5. During the period of community supervision the defendant shall pay the special assessment and any restitution in accordance with this judgment's orders pertaining to such payment;

6. The defendant shall apply monies in excess of $500 received from income tax refunds to the outstanding court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation

7. Without the prior written approval of the Probation Officer, the defendant shall not work in mortgage lending, mortgage brokering, mortgage banking, real estate development, real estate purchases or sales, real estate appraisals, or in any other field related to any of the foregoing fields;

8. Without the prior written approval of the Probation Officer, the defendant shall not work at, become employed by, operate, control, serve on the board or governing entity of, or in any way professionally associate with any mortgage lending companies, mortgage brokering companies, mortgage banking companies, real estate development companies, real estate brokerages or agencies, real estate appraisal companies, financial institutions, or banks of any kind;

9. Without the prior written approval of the Probation Officer, the defendant shall not work as, apply to become, or hold herself out as a notary public, nor shall defendant notarize or attempt to notarize any document in any manner or for any purpose; and

10. The defendant shall cooperate in the collection of a DNA sample from the defendant.

11. The defendant shall participate for a period of twenty-four (24) months in a home detention program which includes electronic monitoring and shall observe all rules of such program, as directed by the Probation Officer. The defendant shall be allowed to go to work, attend medical/counseling appointments and school appointments/events for and or with her child;

12. The costs of electronic monitoring are hereby waived, as it is found that the defendant does not have the ability to pay;

Case 2:05-cr-01232-DDP   Document 76   Filed 06/15/10   Page 3 of 6   Page ID #:525

| USA vs.   NICOLE LaVIOLETTE | Docket No.:   CR 05-01232 DDP |

13.  The defendant shall be allowed to complete the counseling program she is currently enrolled in.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

**RESTITUTION:** It is ordered that the defendant shall pay restitution pursuant to 18 U.S.C. § 3663 (A). Defendant shall pay restitution in the total amount of $42,676,269.14 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

Restitution shall be due 30 days from the date of the order, at the rate of not less than $25 per month during the period of Probation. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment.

For the restitution ordered in this judgment, the defendant shall be held jointly and severally liable with her convicted co-participants, to the extent and for the amount that each is determined liable, as follows:

Lester Scott Robinson, Kyle Grasso, and Lila Rizk (in Docket No. 07-00755); Charles Fitzgerald (in Docket No. 06-00977(A)), Mark Abrams (in Docket No. 06-00044), Richard Maize (in Docket No. 07-00455), Jamieson Todd Matykowski (in Docket No. 05-01213), and Timothy Holland (in Docket No. 06-00106).

The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

**FINE:** All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

**SPECIAL ASSESSMENT:** It is further ordered defendant shall pay to the United States a special assessment fee of $200, which is due immediately to the Clerk of the Court.

**SENTENCING FACTORS:** The sentence is based upon the factors set forth in 18 U.S.C. § 3553, including the applicable sentencing range set forth in the guidelines.

USA vs.   NICOLE LaVIOLETTE                              Docket No.:   CR 05-01232 DDP

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

June 15, 2010
Date                                                                                  United States District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

June 15, 2010                          By   John A. Chambers
Filed Date                                   Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

| | |
|---|---|
| USA vs. NICOLE LaVIOLETTE | Docket No.: CR 05-01232 DDP |

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. NICOLE LaVIOLETTE                                    Docket No.:   CR 05-01232 DDP

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                                              Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By _____
Filed Date                                      Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
            Defendant                                              Date


_____             _____
U. S. Probation Officer/Designated Witness           Date